UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| RYAN SCOTT BRUNS,<br><br>Plaintiff,<br><br>vs.<br><br>LANGFORD AREA SCHOOL DISTRICT, DR. JOSEPH GRAVES, SECRETARY OF EDUCATION; JENNIFER GUSTAFSON, SCHOOL BOARD PRESIDENT; CLAREMONT, SD; DR. KATHY BLAHA, DIVISION DIRECTOR OF THE OFFICE OF ACCREDITATION AT THE SOUTH DAKOTA DEPARTMENT OF EDUCATION; MARY HOSFORD, HIGH SCHOOL PRINCIPAL; JUDY MERRIMAN, ADMINISTRATOR AT THE SOUTH DAKOTA DEPARTMENT OF EDUCATION; RICHARD OSBORN, FORMER PRINCIPAL AND ATHLETIC DIRECTOR AT NORTHWESTERN AREA SCHOOL DISTRICT; KEVIN NASH, FORMER SCHOOL BOARD PRESIDENT; JESSICA HALVORSON, SECRETARY AT NORTHWESTERN AREA SCHOOL DISTRICT; FERN HADDOCK, EMPLOYEE AT THE SOUTH DAKOTA DEPARTMENT OF EDUCATION;  SOUTH DAKOTA STATE UNIVERSITY, TIFFANY SANDERSON, FORMER SECRETARY OF EDUCATION; AND SHAD STORLEY, EMPLOYEE AT LANGFORD AREA SCHOOL DISTRICT;<br><br>Defendants. | 1:25-CV-01005-ECS<br><br><br><br><br><br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING MOTION TO AMEND COMPLAINT |

Plaintiff Ryan Scott Bruns filed a pro se lawsuit against the above listed Defendants, Doc. 1, and he has moved to proceed in forma pauperis, Doc. 2. Bruns has also filed a motion to amend his original complaint. Doc. 4.

**I.      Motion for Leave to Proceed In Forma Pauperis**

Usually, all litigants initiating a civil lawsuit in federal court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Fee Schedule, U.S. Dist. Ct. Dist. of S.D. (Dec. 1, 2023), https://www.sdd.uscourts.gov/2017fees. The court may permit the filing of a civil action without payment of the filing fee if the litigant applies to proceed in forma pauperis and shows that he or she is financially unable to pay the filing fee without serious hardship. 28 U.S.C. § 1915(a). "In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to [his or] her monthly expenses and financial obligations." Stergen v. Stergen, No. 23-cv-1231, 2023 WL 6795409, at *1 (E.D. Mo. Oct. 13, 2023) (quoting Bey v. Kelly, No. 21-2367, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Whether to grant a litigant's motion to proceed in forma pauperis is a matter left to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Proceeding in forma pauperis is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). In exercising its discretion, the court "must determine whether the burden of paying the fees for filing and service would either hamper the petitioner's ability to obtain the necessities of life or force him [or her] to abandon the action." Davis v. NYS Dep't of Lab., 21-CV-690, 2021 WL 9455716, at *1 (W.D.N.Y June 28, 2021) (alteration in original) (quoting Singer v. Cuscovitch, No. 07-CV-578, 2007 WL 1810085, at *1 (D. Conn. May 14, 2007)). Although in forma pauperis status is not reserved only for those instances when paying the filing fee would leave the plaintiff absolutely destitute, see, e.g., Lee v. McDonald's Corp.,

231 F.3d 456, 459 (8th Cir. 2000), a court "must be rigorous [in its analysis] . . . to ensure that the treasury is not unduly imposed upon." In re Mock, 252 F. App'x 522, 523 (3d Cir. 2007) (second alteration in original) (quoting Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989)).

Based on the information provided, Bruns's available access to cash in a checking or savings account prevents him from meeting the financial destitution needed to proceed in forma pauperis. Bruns's financial affidavit indicates that he receives $4,537.85 in monthly income. Doc. 2. His approximate monthly expenses are $3,325.03, including child support, rent, vehicle loan payments, insurance, and miscellaneous items. Id. He also has an outstanding credit balance of around $4,120.17. Id. While his debt-to-income ratio alone would likely qualify him for in forma pauperis, his financial affidavit also indicates that he has $90,493.64 in his checking or savings account. Id. Paying the $405 dollar filing fee would not cause serious hardship on Bruns. See e.g., Stergen, 2023 WL 6795409, at *1 (denying in forma pauperis status to plaintiff with $23,868 in available cash funds); Andrews v. Nicholson, No. 05-0870, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (denying in forma pauperis status to plaintiff with a monthly net income of $1,934.00 per month and $200.00 in available case); Finley v. Comm'r of Soc. Sec., No. 21-cv-1398, 2021 WL 2333348, at *1 (E.D.N.Y. June 8, 2021) (denying in forma pauperis status to a plaintiff whose monthly expenses exceeded their monthly income but reported having $10,000 in available cash). This Court, therefore, concludes that Bruns is not sufficiently impoverished to proceed in forma pauperis.

## II.     Motion to Amend Complaint

Bruns also moved to file an amended complaint. Doc. 4. Under Rule 15 of the Federal Rules of Civil Procedure,

> A party may amend its pleadings once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier

Fed. R. Civ. P. 15(a). Here, Bruns has not served his complaint. Because he seeks to amend his complaint before service, he does not need this Court's permission to file an amended complaint. Id.; see e.g., Mitchell v. Sampson, No. 23-cv-00214, 2024 WL 5131607, at *2 (M.D. Ga. Mar. 1, 2024). Even so, this Court will go ahead and grant Bruns's motion to amend his original complaint. Braverman v. CST Worldwide, No. 23-cv-412, 2023 WL 6810075, at *1 (E.D. Wis. Oct. 16, 2023).

### III.   Conclusion

For the reasons stated above, it is hereby

ORDERED that Bruns's Motion for Leave to Proceed in Forma Pauperis, Doc. 2, is denied. It is further

ORDERED that Bruns's Motion to Amend Complaint, Doc. 4, is granted. The Clerk of Court shall file Bruns's proposed amended complaint, Doc. 4-1. It is finally

ORDERED that Bruns must pay the $405 initial filing fee by **July 17, 2025**, or his amended complaint may be dismissed without prejudice for failure to prosecute.

DATED this 17 day of June, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE